FILED

2016 MAR 31  PM 3: 11

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| SHAYNE BATTLE,<br><br>Plaintiff;<br><br>vs.<br><br>NAVIENT SOLUTIONS, INC.; and DOES 1 to 10, inclusive,<br>Defendant(s). | Case No.: 3:16-CV-386-J-32JRK<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL FOR:<br><br>1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C.§ 227 ET. SEQ.]<br><br>2. VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT [FLA. STAT.§§ 559.55-559.785) |

## INTRODUCTION

1. SHAYNE BATTLE ("Plaintiff") bring this action against NAVIENT SOLUTIONS, INC. ("Defendant"), for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C.§ 227 et. seq., and the Florida Consumer Collection Practices Act ("FCCPA"), FLA. STAT.§§ 559.55-559.785.

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

- 1 -

COMPLAINT FOR DAMAGES

## PARTIES

4.  Plaintiff is an individual residing in Jacksonville, Florida and in this Judicial District.

5.  Defendant is a national consumer lending association whose principal purpose includes collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due. Defendant regularly uses the telephone and the mail to engage in the business of collecting debt in several states including, Florida.

6.  Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the FCCPA.

7.  The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## FACTUAL ALLEGATIONS

8.  Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect an alleged debt.

9.  Upon information and belief, Plaintiff's alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily

for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

10. At all times relevant to this action, Defendant owned, operated and/or controlled telephone number 1-877-317-5659. At all times relevant to this action, Defendant called Plaintiff from, but not limited to, the forgoing telephone numbers for the purpose of collecting the alleged debt.

11. Within one year prior to the filing of this action, Defendant constantly and continuously contacted Plaintiff at Plaintiff's cellular telephone number (904) 450-0596.

12. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring or engaged Plaintiff in telephone conversations repeatedly, often calling on a near-daily basis.

13. At all times relevant to this action, while conducting business in Florida, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

14. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

15. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and

to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

16. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

17. Even assuming arguendo that Defendant did have consent to call Plaintiff on Plaintiff's cellular telephone using an ATDS, that consent was subsequently revoked by Plaintiff on December 26, 2015. Despite this revocation of consent, Defendant called Plaintiff multiple times per day after Plaintiff revoked consent. Defendant called once on December 28, 2015, twice on December 29, 2015, once on December 30, 2015, and twice on December 31, 2015. Defendant would often respond by advising that the calls would not cease, could not cease as they were automated/pre-programed, that Plaintiff's attempt at revocation was invalid, and/ or that Defendant was not harassing Plaintiff and the calls would continue until payment was made.

18. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

19. Defendant is not a tax exempt nonprofit organization

20. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff requested that Defendant cease calling Plaintiff on numerous occasions.

## FIRST CAUSE OF ACTION

**(Violations of the TCPA,
47 U.S.C. § 227)**

21.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a)     Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b)     Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

23.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

24. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### (Violations of the Florida Consumer Collection Practices Act, FLA. STAT. §§ 559.55—559.785)

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a) Defendant violated FLA. STAT. § 559.72(7) by willfully communicating with a debtor or any member of his or her family with such frequency as can reasonably be expected to harass a debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass a debtor or any member of her or his family.

27. Defendant's conduct as detailed above were done willfully, for the purpose of harassing Plaintiff to pay the alleged debt.

28. As a result of the foregoing violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

a) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

b) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

c) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

d) Actual damages pursuant to FLA. STAT. § 559.77(2) for the emotional distress suffered as a result of both the intentional and/or negligent FCCPA violations, in amounts to be determined at trial and for Plaintiff.

e) Statutory damages from Defendant pursuant to FLA. STAT. § 559.77(2); and

f) Costs and reasonable attorney's fees pursuant to pursuant to FLA. STAT. § 559.77(2); and

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

h) For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

DATED: March 29, 2016

RESPECTFULLY SUBMITTED,

By: _____
Benjamin H. Crumley, Esq.
CRUMLEY & WOLFE, P.A.
2254 Riverside Ave.,
Jacksonville FL 32204
Phone: (904) 374-0111;
Fax: (904) 374-0113
ben@cwbfl.com
*Attorneys for Plaintiff*